CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
TERSAN TERSANECILIK TASIMACILIK SAN VE TIC A.S.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERSAN TERSANECILIK TASIMACILIK
SAN VE TIC A.S.,

                         Plaintiff,

   v.

FMG TRADING LTDA,

                         Defendant.
-----------------------------------------------------------------X

JUDGE CROTTY

08 CV 4996

**VERIFIED COMPLAINT**

Plaintiff TERSAN TERSANECILIK TASIMACILIK SAN VE TIC A.S. (hereinafter "TERSAN"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, FMG TRADING LTDA, (hereinafter "FMG TRADING") alleges upon information and belief as follows:

JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff TERSAN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Tersaneler Caddesi No. 48 3490 Tuzla, Istanbul, Turkey.

3. The plaintiff TERSAN is the owner of the vessel M/T ALANGOVA, and the business of TERSAN is to charter the M/T ALANGOVA to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, defendant FMG TRADING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Rua Sete De Setembro, 84 Mogi Mirim, Brazil.

5. The defendant FMG TRADING is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6. On April 29, 2008, plaintiff TERSAN, as owner of the ocean-going vessel M/T ALANGOVA, entered into a charter party contract with defendant FMG TRADING, as charterer, whereby defendant FMG TRADING hired the M/T ALANGOVA for a shipment of 11,500 metric tons Soya Bean Oil (2 percent more or less in owners option) from Paranagua, Brazil to specified ports in Spain for agreed cargo rates.

7.  The charter party contract between Plaintiff TERSAN and Defendant FMG TRADING is a maritime contract in the form of a Fixture Recap and *pro forma* Tanker Voyage Charter Party ("ASBATANKVOY") incorporated by reference.

8.  The maritime contract includes a rate of demurrage of $14,000 per day *pro rata*.

9.  In accordance with the maritime contract, on May 12, 2008, Plaintiff TERSAN tendered a Notice of Readiness that the M/T ALANGOVA was at the agreed load port of Paranagua, Brazil, and was ready to load the cargo of Soya Bean Oil.

10. However, Defendant FMG TRADING did not provide any cargo to the vessel the M/T ALANGOVA.

11. As such, the M/T ALANGOVA continues to await cargo and has been on demurrage since at least May 12, 2008.

12. Despite due demand, Defendant FMG TRADING has failed to pay Plaintiff TERSAN detention and/or demurrage in an amount as near as can now be calculated as $242,229.40 that is due and owing under the maritime contract.

13. Demurrage continues to run and the debt owed by Defendant FMG TRADING to Plaintiff TERSAN will continue to increase at the rate of $14,000 per day *pro rata* until such time as the Defendant provides the M/T ALANGOVA with the agreed upon cargo.

14. FMG TRADING's failure to make timely payment of the demurrage when it became due constitutes a breach of the maritime contract and, therefore, Plaintiff TERSAN has an *in personam* maritime claim against Defendant FMG TRADING for said breach.

15. The maritime contract between the Plaintiff TERSAN and Defendant FMG TRADING, dated April 29, 2008 provides that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

16. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

17. In accordance with the terms and conditions of the charter party, the Plaintiff TERSAN is preparing to initiate arbitration proceedings against Defendant FMG TRADING in London.

18. As best as can now be estimated, the Plaintiff TERSAN expects to recover the following amounts in London arbitration from Defendant FMG TRADING:

|   |   |   |
|---|---|---|
| A. | Principal claim | $242,229.40 |
| B. | Estimated interest on claims: 3 years at 8.5%, compounded quarterly | $69,524.35 |
| C. | Estimated attorneys' fees: | $50,000.00 |
| D. | Estimated arbitration costs/expenses: | $25,000.00 |
| **Total** |  | **$386,753.75** |

## PRAYER FOR RELIEF

19. Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

20. Plaintiff TERSAN believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

21. As set forth in the accompanying affidavit of George E. Murray, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

22. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B.   That the Defendant not being found within this District, as set forth in the Affidavit of George E. Murray, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.   That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **$386,753.75**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.   That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       May 29, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,

By: *[signature]*
George E. Murray (GM-4172)
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
TERSAN TERSANECILIK TASIMACILIK SAN VE TIC A.S.,
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERSAN TERSANECILIK TASIMACILIK
SAN VE TIC A.S.,

                 Plaintiff,

                                                                             08 CV _____ (___)

     v.

                                                                             **VERIFICATION**

FMG TRADING LTDA,

                 Defendant.
-----------------------------------------------------------------X
STATE OF NEW YORK   :
                                   : ss.
COUNTY OF NASSAU   :

     BEFORE ME, the undersigned authority, personally came and appeared George E. Murray, who, after being duly sworn, did depose and state:

     1.     That he is an associate at the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, TERSAN TERSANECILIK TASIMACILIK SAN VE TIC A.S., herein;

     2.     That he has read the foregoing complaint and knows the contents thereof;

     3.     That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4.  That the reason that this verification was made by deponent and not by the Plaintiff is because the officers' verification of Plaintiff could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
       May 29, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
TERSAN TERSANECILIK
TASIMACILIK SAN VE TIC A.S.,

By: _____
George E. Murray (GM-4172)
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
May 29, 2008

_____
Notary Public, State of New York

TIMOTHY SEMENORO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SE6112804
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JULY 12, 2008

2