CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
TERSAN TERSANECILIK TASIMACILIK SAN VE TIC A.S.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TERSAN TERSANECILIK TASIMACILIK
SAN VE TIC A.S.,

                        Plaintiff,

      v.

FMG TRADING LTDA and,
BUSCAROLI & EILHO LTDA, a/k/a
BUSCARIOLI & EILHO LTDA, a/k/a
BUSCAROLI, a/k/a
BUSCARIOLI, a/k/a
BUSCAROLI & FILHO, a/k/a
BUSCARIOLI & FILHO,
                Defendants.
------------------------------------------------------------------X



08 CV 4996 (PAC)

**FIRST AMENDED**
**VERIFIED COMPLAINT**

       Plaintiff TERSAN TERSANECILIK TASIMACILIK SAN VE TIC A.S. (hereinafter "TERSAN"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendants, FMG TRADING LTDA (hereinafter "FMG TRADING") and BUSCAROLI & EILHO LTDA, a/k/a BUSCARIOLI & EILHO LTDA, a/k/a BUSCAROLI, a/k/a BUSCARIOLI, a/k/a BUSCAROLI & FILHO, a/k/a BUSCARIOLI & FILHO (hereinafter "BUSCAROLI") alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff TERSAN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Tersaneler Caddesi No. 48 3490 Tuzla, Istanbul, Turkey.

3. The plaintiff TERSAN is the owner of the vessel M/T ALANGOVA, and the business of TERSAN is to charter the M/T ALANGOVA to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, defendant FMG TRADING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Rua Sete De Setembro, 84 Mogi Mirim, Brazil.

5. The defendant FMG TRADING is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

6. At all times material hereto, defendant BUSCAROLI was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Rua Sete De Setembro, 84 Mogi Mirim, Brazil.

7. The defendant BUSCAROLI is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

8. On April 29, 2008, plaintiff TERSAN, as owner of the ocean-going vessel M/T ALANGOVA, entered into a charter party contract with defendants FMG TRADING and BUSCAROLI, as charterers, whereby defendants FMG TRADING and BUSCAROLI hired the M/T ALANGOVA for a shipment of 11,500 metric tons Soya Bean Oil (2 percent more or less in owners option) from Paranagua, Brazil to specified ports in Spain for agreed cargo rates.

9. The charter party contract between Plaintiff TERSAN and defendants FMG TRADING and BUSCAROLI is a maritime contract in the form of a Fixture Recap and *pro forma* Tanker Voyage Charter Party ("ASBATANKVOY") incorporated by reference and is hereinafter referred to as the "Maritime Contract."

10. The maritime contract includes a rate of demurrage of $14,000 per day *pro rata*.

11. In accordance with the Maritime Contract, on May 12, 2008, at 10:45 plaintiff TERSAN tendered a Notice of Readiness that the M/T ALANGOVA was at the agreed load port of Paranagua, Brazil, and was ready to load the cargo of Soya Bean Oil.

12. However, defendants FMG TRADING and BUSCAROLI, in breach of the Maritime Contract, did not provide any cargo to the vessel the M/T ALANGOVA.

13. As such, the M/T ALANGOVA continued to await cargo and was on demurrage from May 12, 2008, through June 4, 2008 at 15:54, or 23.21458333 days.

14. Despite due demand, defendants FMG TRADING and BUSCAROLI have failed to pay plaintiff TERSAN detention and/or demurrage in an amount as near as can now be calculated as $325,004.17 that is due and owing under the Maritime Contract.

15. Further, because of the failure of defendants FMG TRADING AND BUSCAROLI to provide a cargo, the M/T ALANGOVA was unemployed from June 4, 2008, at 15:54 to June 14, 2008, resulting in additional damages to plaintiff TERSON in an amount, as nearly as can now be ascertained, of $153,030.15.

16. Further, plaintiff TERSAN found new mitigating employment for the M/T ALANGOVA beginning on June 14, 2008, however, this new employment was at a lesser rate of hire.

17. Therefore, plaintiff TERSON is entitled to the difference between what it would have earned on the FMG/BUSCAROLI voyage and what plaintiff TERSON actually earned on the mitigating voyage, which amount, as nearly as can now be ascertained, is $16,285.26.

18. Despite due demand, defendants FMG TRADING and BUSCAROLI have failed to pay Plaintiff TERSAN for its damages totaling $456,241.76, which amount is presently due and owing under the Maritime Contract.

19. The failure by defendants FMG TRADING and BUSCAROLI to provide any cargo to the vessel the M/T ALANGOVA when it was supposed to and failure to pay demurrage when it was due constitute a breach of the Maritime Contract and, therefore, plaintiff TERSAN has an *in personam* maritime claim against defendants FMG TRADING and BUSCAROLI for said breach.

20. The Maritime Contract between plaintiff TERSAN and defendants FMG TRADING and BUSCAROLI, dated April 29, 2008 provides that any disputes arising out of the Maritime Contract shall be governed by English law and shall be referred to arbitration in London.

21. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

22. In accordance with the terms and conditions of the charter party, the plaintiff TERSAN is preparing to initiate arbitration proceedings against defendants FMG TRADING and BUSCAROLI in London.

23. As best as can now be estimated, the plaintiff TERSAN expects to recover the following amounts in London arbitration from defendants FMG TRADING and BUSCAROLI:

| | | | |
|---|---|---|---|
| A. | Principal Claim | | |
| | 1) Demurrage | | $325,004.17 |
| | 2) Damages for June 4 - 14 | | $153,030.15 |
| | 3) Loss on Mitigating Voyage | | $ 16,285.26 |
| | Total Principal claim | | $494,319.58 |
| B. | Estimated interest on claims:<br>3 years at 8.5%, compounded quarterly | | $141,878.84 |
| C. | Estimated attorneys' fees: | | $ 50,000.00 |
| D. | Estimated arbitration costs/expenses: | | $ 25,000.00 |
| **Total** | | | **$711,198.42** |

## PRAYER FOR RELIEF

24. Notwithstanding the fact that the liability of the Defendants is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant(s) within this District and held by various parties, as garnishees.

25. Plaintiff TERSAN believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

26. As set forth in the accompanying Declaration of Owen F. Duffy, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

27. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime

attachment so that it may obtain security for its claims against the Defendants and/or *quasi in rem* jurisdiction over the property of the Defendant(s) so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.  That the Defendants be summoned to appear and answer this First Amended Verified Complaint;

B.  That the Defendant(s) not being found within this District, as set forth in the Declaration of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant(s) within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **$711,198.42**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.  That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       June 30, 2008

7

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
TERSAN TERSANECILIK
TASIMACILIK SAN VE TIC A.S.

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
TERSAN TERSANECILIK TASIMACILIK SAN VE TIC A.S.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERSAN TERSANECILIK TASIMACILIK
SAN VE TIC A.S.,

                      Plaintiff,

                      08 CV 4996 (PAC)

   v.

                      **VERIFICATION**

FMG TRADING LTDA,
BUSCAROLI & EILHO LTDA, a/k/a
BUSCARIOLI & EILHO LTDA, a/k/a
BUSCAROLI, a/k/a
BUSCARIOLI, a/k/a
BUSCAROLI & FILHO, a/k/a
BUSCARIOLI & FILHO,

                      Defendants.
-----------------------------------------------------------------X

      Pursuant to 28 U.S.C. § 1746, Owen F. Duffy, declares under the penalty of perjury:

      1.    That I am a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, TERSAN TERSANECILIK TASIMACILIK SAN VE TIC A.S., herein;

      2.    That I have read the foregoing First Amended Complaint and know the contents thereof;

3. That I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this Verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
June 30, 2008

                                      CHALOS, O'CONNOR & DUFFY, LLP
                                      Attorneys for Plaintiff,
                                      TERSAN TERSANECILIK
                                      TASIMACILIK SAN VE TIC A.S.,

By: _____
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
ofd@codus-law.com

2